## 29161. MANN v. MANN.

NICHOLS, Presiding Justice.

Prior to the birth of their only child, Martha Connell Mann separated from her husband, Richard Gary Mann, and filed a petition seeking a divorce. They had a reconciliation but after the birth of their daughter, the parties finally separated and the present complaint seeking a divorce and alimony was filed. Upon the hearing for temporary alimony and child custody, the wife was awarded child support and temporary alimony in the amount of $40 per week. The husband was required to assume fixed monthly obligations toward the couple's indebtedness totaling approximately $15 per week. He was also required to pay the balance on the physician's bill for delivery of the couple's child, which amount had been originally $250 but at the time of the hearing some of this amount had been paid.

In addition to the above, he was required to pay $50 per month for four months to the wife's attorney. The husband appeals from such temporary alimony award

and enumerates the same as error because it is excessive, takes into consideration certain gifts received by the husband in addition to his salary, attempts to bind his employer, who is not a party to the case, to continue the payment of said gifts, and interferes with the obligations of contract between the defendant and persons not a party to the action.

1. The contention that the award interferes with the obligations of contract between the defendant and persons not a party to this action is based upon the wording of the court's judgment as follows: "Defendant shall pay the installments on the debts owing to Sears, Roebuck & Co., Kirby Vacuum Cleaner Company and J. C. Penney Co. upon such terms as defendant can arrange with said creditors." This language does not interfere with any contract but merely provides that the monthly obligations due these companies may be reduced if the defendant is able to make such arrangements.

2. Neither the transcript of the evidence nor the award of the trial court discloses that any gifts from the defendant's employer were considered in setting the amount of temporary alimony. Thus, the real question presented is whether the award is excessive.

The balance due on the doctor's bill is not shown by the record. The record only discloses that it was originally $250 and that some of such amount had been paid by the defendant. The maximum amount which the husband must pay on the couple's debts (excluding the doctor's bill but including attorney fees awarded the wife) total less than $27 per week. In addition to this amount, he is required to pay the wife $40 a week as alimony and child support out of a total earnings of $150 per week. It cannot be said that this award is so excessive as to require a reversal.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1974 — DECIDED OCTOBER 8, 1974.

*Benjamin H. Oehlert, III,* for appellant.